NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SMART-TEK SERVICES, INC., Plaintiff-Appellant, v. UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee. | No.   18-56560 D.C. No. 3:15-cv-00449-BTM-JMA MEMORANDUM* |
| TRUCEPT, INC., FKA Smart Tek Solutions, Inc., Plaintiff-Appellant, v. UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee. | No.   18-56562 D.C. No. 3:15-cv-00447-BTM-JMA |
| AMERICAN MARINE, LLC, Plaintiff-Appellant, v. | No.   19-55057 D.C. No. 3:15-cv-00455-BTM-LL |

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

UNITED STATES INTERNAL REVENUE
SERVICE,

         Defendant-Appellee.

---

SMART-TEK AUTOMATED SERVICES,
INC.,

         Plaintiff-Appellant,

   v.

UNITED STATES INTERNAL REVENUE
SERVICE,

         Defendant-Appellee.

No. 19-55058

D.C. No.
3:15-cv-00453-BTM-LL

---

SMART-TEK SERVICE SOLUTIONS
CORP.,

         Plaintiff-Appellant,

   v.

UNITED STATES INTERNAL REVENUE
SERVICE,

         Defendant-Appellee.

No. 19-55059

D.C. No.
3:15-cv-00452-BTM-LL

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted July 20, 2020
Pasadena, California

Before:  BEA and BADE, Circuit Judges, and DRAIN,[**] District Judge.

After Appellee Internal Revenue Service ("IRS") recorded tax liens against Appellants Smart-Tek Services, Inc., Trucept, Inc., American Marine, LLC, Smart-Tek Automated Services Inc., and Smart-Tek Service Solutions Corp. (collectively, the "Companies") based on its determination that the Companies were alter egos of other entities with delinquent payroll tax liabilities, the Companies sent requests to the IRS seeking each entity's employment, corporate, and partnership tax returns under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  In this consolidated appeal, the Companies challenge the district court's orders granting summary judgment in favor of the IRS and finding that the IRS conducted an adequate search responsive to the Companies' FOIA requests and that the IRS properly withheld the alleged alter egos' taxpayer return information under FOIA Exemption 3 and 26 U.S.C. § 6103(a).  We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo the district court's summary judgment ruling.  *Id.*  To merit summary judgment in a FOIA case, the agency must:

> demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.  Further, the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those

---

[**]  The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

3

documents was *adequate*. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.

*Zemansky v. U.S. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (internal quotation marks omitted) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted).

Here, the IRS demonstrated that it "conducted a search reasonably calculated to uncover all relevant documents" in response to the Companies' FOIA requests. *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770–72 (9th Cir. 2015) (quoting *Zemansky*, 767 F.2d at 571). IRS disclosure specialists scanned all documents— from both the Companies and their alleged alter egos—into electronic format and reviewed each page of each document, looking for any documents with the Companies' identifying information. In all, the IRS reviewed more than 140,000 pages. If a document contained the return information of one of the Companies, it was marked responsive. The IRS created an index and catalogued which pages were responsive and which pages were non-responsive to ensure that each page in all sixty-five boxes was reviewed. IRS attorneys then reviewed the documents and

4

determined whether a FOIA exemption applied.  The Companies "were entitled to a reasonable search" for responsive records "[a]nd a reasonable search is what they got."  *Id.* at 772.  The district court correctly determined that the IRS complied with its obligations to search for relevant records.

Notwithstanding the reasonable search, the Companies argue that the IRS improperly withheld documents containing information about their alleged alter egos.  They argue that once the IRS collected the records of the Companies and their alleged alter egos and commingled them into one file, *everything* in that file became part of the Companies' administrative file to which they were entitled.  Thus, the Companies argue, it was improper for the IRS to withhold records containing their alleged alter egos' return information merely because those records did not contain the Companies' return information.

But the Companies' argument misses the simple point: they did not request this information in their FOIA requests.  The Companies had the duty to "reasonably describe[]" the records they sought.  5 U.S.C. § 552(a)(3)(A).  This requirement is generally satisfied if the request provides "the name, taxpayer identification number (e.g., social security number or employer identification number), subject matter, location, and years at issue, of the requested records."  Treas. Reg. § 601.702(c)(5)(i).  However, each of the Companies submitted a request for *its own* employment, corporate, and partnership tax returns and listed

only *its own* specific entity's name and taxpayer identification number; none of the Companies listed the names or taxpayer identification numbers of their alleged alter egos. Because the Companies seek documents that are outside the scope of their FOIA requests, the Companies are not entitled to those documents through this particular process. Consequently, we need not reach the issue of whether the IRS properly withheld these documents pursuant to FOIA Exemption 3 and 26 U.S.C. § 6103(a). We affirm the district court's orders granting summary judgment.

**AFFIRMED**.